DAN SIEGEL, SBN 56400
ANNE BUTTERFIELD WEILLS, SBN 139845
SARA BELADI, SBN 348987
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, California 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
Email: danmsiegel@gmail.com
Email: abweills@gmail.com

*Attorneys for Plaintiff*
ASHLEY JACKSON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ASHLEY JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>PHILLIPS 66 COMPANY, BRINDERSON CONSTRUCTORS, INC., ALAN RESSLER, and Does 1 through 15,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>(Civil Rights)<br><br>Demand for Jury Trial |

Plaintiff ASHLEY JACKSON complains against defendants PHILLIPS 66 COMPANY, BRINDERSON CONSTRUCTORS, INC., ALAN RESSLER, and Does 1-15 as follows:

## PRELIMINARY STATEMENT

1. Defendant Alan Ressler sexually assaulted plaintiff Ashley Jackson while she was working at the Phillips 66 Company's San Francisco Refinery facility in Rodeo, California, as a joint employee of defendants Phillips 66 and Brinderson Constructors, Inc. When plaintiff

complained about the sexual assault, she was terminated from her employment.

**JURISDICTION**

2. This action for gender discrimination, race discrimination, retaliation, and harassment arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, et seq. The Court has jurisdiction over this matter under 28 U.S.C. § 1331 because it arises under the laws of the United States and 28 U.S.C. § 1343 because it is an action to recover damages or to secure equitable or 0ther relief under any Act of Congress providing for the protection of civil rights.

3. The state law claims in this action are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the U.S. Constitution. The Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. §1367.

**VENUE**

4. Venue is proper in the Northern District of California because the acts or omissions giving rise to this complaint occurred in the County of Contra Costa, within this District.

**PARTIES**

5. Plaintiff ASHLEY JACKSON was employed by defendants PHILLIPS 66 COMPANY and BRINDERSON CONSTRUCTORS, INC. at the Phillips 66 Company's San Francisco's Refinery facility in Rodeo, California.

6. At all relevant times, defendant ALAN RESSLER was a supervisory employee employed by defendant PHILLIPS 66 COMPANY and was acting in the course and scope of said employment.

7. At all relevant times hereto, defendant PHILLIPS 66 COMPANY was and is a corporation doing business in the County of Contra Costa.

8. At all times relevant hereto, defendant BRINDERSON CONSTRUCTORS, INC. was and is a corporation doing business in the County of Contra Costa.

9. The true names and capacities of the defendants named herein as Does 1 through 15, inclusive, whether individual, corporate, associate, or otherwise are unknown to plaintiff, who

therefore sues such defendants by fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is responsible in the manner set forth herein, or in some other manner for the occurrences alleged herein and that the damages as alleged herein were proximately caused by their conduct. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named defendants is a California resident. Plaintiff will amend this complaint to show the true names and capacities of each of the fictitiously named defendants when such names and capacities have been determined.

**STATEMENT OF FACTS**

10. Ashley Jackson is a 35-year-old African American woman.

11. Ms. Jackson was an employee of Brinderson Constructors, Inc., assigned by Brinderson to work at the Phillips 66 Company's Rodeo refinery in the summer of 2022.

12. Brinderson Constructors, Inc. and Phillips 66 Company were Ms. Jackson's joint employers by virtue of the fact that they jointly set the terms, conditions, and effective supervision of Ms. Jackson's employment.

13. On or about July 20, 2022, while working at the Phillips 66 refinery in Rodeo, California, Ms. Jackson, was sexually assaulted by Allen Ressler, a Phillips 66 supervisory employee.

14. Ms. Jackson was working at the Rodeo refinery in a "Turn-around job" as a Safety Attendant 3 in an exporting position. Soon after she started working at the refinery, Allen Ressler became inappropriately interested in Ms. Jackson, consistently and gratuitously placing himself next to her when she was talking to others, and making many efforts to speak to her alone.

15. Allen Ressler spoke with Ms. Jackson about pornography and prostitutes and other sexually related topics. She made an extensive effort to avoid Ressler but somehow, he always knew where to find Ms. Jackson. Alan Ressler is a tall, strongly built white male, in his late 30's and had worked at the refinery for approximately 15 years.

16. On Monday, July 18, 2022, Ms. Jackson was pursuing her job duties when Ressler came to her work area, which was in essence a metal box, about the size of a prison cell with a low

ceiling. Ressler at first engaged in small talk with Ms. Jackson as she was doing her "Hole Watch" job. She was sitting on a bucket while they talked. After some time, Ms. Jackson looked up and observed Ressler masturbating with both hands in his pockets.

17. Ms. Jackson was very disturbed by this but did not complain for fear of losing her job. Two days later, on July 20, 2022, Alan Ressler came back to the Exporting Control Box as she was working and as usual, Ms. Jackson was sitting on a bucket operating the gages and knobs when Ressler sexually assaulted her. He forcibly and against her will placed her hand on his genitals. Ms. Jackson froze in shock and then escaped the box, crying and emotionally traumatized.

18. Ms. Jackson approached her supervisors so she could leave the facility. They immediately understood that Allen Ressler was the employee who assaulted her. Phillips 66 knew, or should have known, that Alan Ressler posed a danger to female employees at the facility.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

19. On March 3, 2023, Ms. Jackson filed a Complaint with the California Civil Rights Department against Phillips 66 Company and Brinderson Constructors, Inc. for discrimination and harassment.

20. On June 7, 2023, Ms. Jackson filed an Amended Complaint with the California Civil Rights Department against Phillips 66 Company, Brinderson Constructors, Inc., and Alan Ressler for discrimination, retaliation, and harassment.

21. On June 7, 2023, the California Civil Rights Department issued to Ms. Jackson a Notice of Right to Sue Phillips 66 Company, Brinderson Constructors, Inc., and Alan Ressler with respect to the issues raised in her Complaint and Amended Complaint.

22. On March 8, 2023, Ms. Jackson filed a Complaint with the U. S. Equal Employment Opportunity Commission ("EEOC") in San Francisco, California against Phillips 66 Company, Brinderson Constructors, Inc., and Alan Ressler for discrimination, retaliation, and harassment.

23. On March 14 and 16, 2023, the U.S. Equal Employment Opportunity Commission issued Notices of Right to Sue Phillips 66 Company, Brinderson Constructors, Inc., and Alan Ressler for discrimination, retaliation, and harassment to Ms. Jackson.

**FIRST CLAIM FOR RELIEF**
**DISCRIMINATION UNDER THE FAIR EMPLOYMENT AND HOUSING ACT**
**(California Government Code § 12940)**
**(Against Phillips 66 and Brinderson)**

24. Ms. Jackson refers to and incorporates by reference the paragraphs above as though fully set forth herein.

25. By virtue of the foregoing, defendants Phillips 66 Company and Brinderson Constructors discriminated against Ms. Jackson based on her race and gender by subjecting her to discriminatory terms and conditions of employment and wrongfully terminating her employment after she reported that she had been sexually assaulted at the Phillips 66 San Francisco refinery in Rodeo, California.

**SECOND CLAIM FOR RELIEF**
**RETALIATION UNDER THE FAIR EMPLOYMENT AND HOUSING ACT**
**(California Government Code § 12940)**
**(Against Phillips 66 and Brinderson)**

26. Ms. Jackson refers to and incorporates by reference the paragraphs above as though fully set forth herein.

27. By virtue of the foregoing, defendants Phillips 66 and Brinderson retaliated against Ms. Jackson after she lawfully and appropriately complained about being sexually assaulted at the Phillips 66 refinery in Rodeo, California.

**THIRD CLAIM FOR RELIEF**
**HARASSMENT UNDER THE FAIR EMPLOYMENT AND HOUSING ACT**
**(California Government Code § 12940)**
**(Against Phillips 66, Brinderson, and Ressler)**

28. Ms. Jackson refers to and incorporates by reference the paragraphs above as though fully set forth herein.

29. By virtue of the foregoing, defendant Ressler committed an act of severe sexual harassment against Ms. Jackson when he sexually assaulted her on July 20, 2022.

30. By virtue of the foregoing defendants Phillips 66 and Brinderson are liable to Ms. Jackson for sexual harassment because Ressler was a supervisory employee acting on behalf of Phillips 66 and Brinderson when he assaulted her and/or they knew or should have known of his

proclivity to engage in sexual harassment and nonetheless placed him in a position where he had the opportunity to sexually assault her.

**FOURTH CLAIM FOR RELIEF - DISCRIMINATION ON THE BASIS OF RACE AND GENDER - TITLE VII**
**(42 U.S.C. § 2000e)**
**(Against Phillips 66 and Brinderson)**

31. Ms. Jackson refers to and incorporates by reference the paragraphs above as though fully set forth herein.

32. By virtue of the foregoing, defendants Phillips 66 Company and Brinderson Constructors discriminated against Ms. Jackson based on her race and gender by subjecting her to disparate treatment and wrongfully terminating her employment after she reported that she had been sexually assaulted at the Phillips 66 San Francisco refinery in Rodeo, California.

**FIFTH CLAIM FOR RELIEF**
**RETALIATION UNDER TITLE VII**
**(42 U.S.C. § 2000e)**
**(Against Phillips 66 and Brinderson)**

33. Ms. Jackson refers to and incorporates by reference the paragraphs above as though fully set forth herein.

34. By virtue of the foregoing, defendants Phillips 66 and Brinderson retaliated against Ms. Jackson after she lawfully and appropriately complained about being sexually assaulted at the Phillips 66 refinery in Rodeo, California.

**SIXTH CLAIM FOR RELIEF**
**HARASSMENT UNDER TITLE VII**
**(42 U.S.C. § 2000e)**
**(Against Phillips 66, Brinderson, and Ressler)**

35. Ms. Jackson refers to and incorporates by reference the paragraphs above as though fully set forth herein.

36. By virtue of the foregoing, defendant Ressler committed an act of severe sexual harassment against Ms. Jackson when he sexually assaulted her on July 20, 2022.

37. By virtue of the foregoing defendants Phillips 66 and Brinderson are liable to Ms. Jackson for sexual harassment because Ressler was a supervisory employee acting on behalf of

Phillips 66 and Brinderson when he assaulted her and/or they knew or should have known of his proclivity to engage in sexual harassment and nonetheless placed him in a position where he had the opportunity to sexually assault her.

**SEVENTH CLAIM FOR RELIEF – VIOLATION OF THE RALPH ACT**
**(California Civil Code § 51.7)**
**(Against Phillips 66 and Ressler)**

38. Ms. Jackson refers to and incorporates by reference the paragraphs above as though fully set forth herein.

39. On July 20, 2022, while acting in the course and scope of his employment by Phillips 66, defendant Dressler committed acts of violence, intimidation, and coercion against Ms. Jackson because of gender and/or race.

**EIGHTH CLAIM FOR RELIEF – GENDER VIOLENCE**
**(California Civil Code § 52.4)**
**(Against Phillips 66 and Ressler)**

40. Ms. Jackson refers to and incorporates by reference the paragraphs above as though fully set forth herein.

**NINTH CLAIM FOR RELIEF – SEXUAL BATTERY**
**(California Civil Code § 1708.5)**
**(Against Phillips 66 and Ressler)**

41. Ms. Jackson refers to and incorporates by reference the paragraphs above as though fully set forth herein.

42. On July 20, 2022, Alan Dressler intentionally caused a harmful and offensive sexual contact with Ms. Jackson.

**TENTH CLAIM FOR RELIEF FOR RELIEF**
**(Common Law Battery)**
**(Against Phillips 66 and Ressler)**

43. Ms. Jackson refers to and incorporates by reference the paragraphs above as though fully set forth herein.

44. Only July 20, 2020, defendant Ressler touched Ms. Jackson in a harmful and offensive manner without her consent.

**DAMAGES**

45. As a direct and proximate cause of defendants' actions, ASHLEY JACKSON was harmed and suffered damages as follows:

(a) She suffered physical and emotional distress and will suffer such physical and emotional distress in the future;

(b) She incurred damages in the form of expenses for medical and mental health care and will incur such expenses in the future;

(c) She suffered damages in the form of lost compensation and will suffer such damages in the future.

**PUNITIVE DAMAGES**

46. The aforementioned conduct by defendant ALAN RESSLER was malicious and oppressive and was done in conscious disregard of the likelihood that the conduct would result in harm to plaintiff JACKSON. This conduct was so contemptible that it would be looked down upon and despised by ordinary, decent people. Therefore, plaintiff ASHLEY JACKSON in entitled to recovery of punitive damages against ALAN RESSLER, as well as his employer, PHILLIPS 66 COMPANY, for failure to property supervise RESSLER and prevent the harm against the plaintiff.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff ASHLEY JACKSON prays for judgment against defendants PHILLIPS 66 COMPANY,BRINDERSON CONSTRUCTORS, INC., and ALAN RESSLER, as follows:

(1) General damages for emotional and physical distress, pain, and suffering, in an amount to be determined;

(2) Compensatory damages for past and future lost wages, and benefits, and loss of earning capacity, in an amount to be determined;

(3) Compensatory damages for past and future medical and mental health care, in an amount to be determined;

(4) Punitive damages in an amount to be determined;

(5) Civil penalties as provided by statute;

(6) Interest at the legal rate;

(7) Attorneys' fees;

(8) Costs of the suit; and

(9) Such other and further relief as the Court may deem proper.

Dated: June 8, 2023

SIEGEL, YEE, BRUNNER & MEHTA

By: */s/ Anne Butterfield Weills*
Anne Butterfield Weills

Attorneys for Plaintiff
ASHLEY JACKSON